

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-13-00062-CV

## IN THE INTEREST OF
## G.P., G.P., T.P., AND J.P., CHILDREN

_____

### From the 74th District Court
### McLennan County, Texas
### Trial Court No. 2012-927-3

## MEMORANDUM OPINION

Raising one issue, Appellant G.B. appeals the trial court's termination of her parental rights to her four children after a bench trial. We will affirm.

In March of 2012, upon a referral of medical neglect by Appellant, the Department of Family and Protective Services sought and obtained the removal of Appellant's four children and was named temporary sole managing conservator of the children. The Department caseworker's supporting affidavit noted Appellant's extensive history with the Department. A service plan was set up for Appellant, but she soon was arrested and jailed in April in McLennan County. She was later jailed several more times in other counties. On the eve of trial, Appellant filed a motion to extend the

statutory dismissal deadline so that she could complete her services. After an evidentiary hearing, the trial court denied the motion and proceeded to trial.

The trial court found the following predicate violations as grounds for termination: (1) Appellant knowingly placed or knowingly allowed the children to remain in conditions or surroundings that endangered the children's physical or emotional well-being (Family Code subsection 161.001(1)(D)); (2) Appellant engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered the children's physical or emotional well-being (Family Code subsection 161.001(1)(E)); (3) Appellant constructively abandoned the children (Family Code subsection 161.001(1)(N)); (4) Appellant failed to comply with provisions of a court order specifically establishing actions necessary for the parent to obtain return of the child (Family Code subsection 161.001(1)(O)); and (5) Appellant used a controlled substance in a manner that endangered the health or safety of the children and failed to complete a court-ordered substance abuse treatment program or, after completion of a court-ordered substance abuse treatment program, continued to abuse a controlled substance (Family Code subsection 161.001(1)(P)). The trial court also found that termination of Appellant's parental rights was in the children's best interest.

Appellant's sole issue is that the trial court abused its discretion in denying her motion for extension of the statutory dismissal deadline. Family Code section 263.401(b) allows the trial court to extend the dismissal deadline if the movant shows "extraordinary circumstances [that] necessitate the child remaining in the temporary managing conservatorship of the department and that continuing the appointment of

the department as temporary managing conservator is in the best interest of the child." TEX. FAM. CODE ANN. § 263.401(b) (West 2008).

We review a trial court's denial of an extension request under section 263.401(b) for an abuse of discretion. *In re D.M.,* 244 S.W.3d 397, 416 (Tex. App.—Waco 2007, no pet.) (op. on reh'g); *see also In re A.J.M.,* 375 S.W.3d 599, 604 (Tex. App.—Fort Worth 2012, pet. denied); *In re D.W.,* 249 S.W.3d 625, 647 (Tex. App.—Fort Worth 2008), *pet. denied per curiam,* 260 S.W.3d 462 (Tex. 2008). "The focus is on the needs of the child, whether extraordinary circumstances necessitate the child remaining in the temporary custody of the Department, and whether continuing such is in the best interest of the child." *A.J.M.,* 375 S.W.3d at 604. A parent's incarceration is generally considered to be the parent's fault and not an extraordinary circumstance. *See id.* at 603-05; *see also In re M.G.D.,* 108 S.W.3d 508, 512 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).

> To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable. Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred.

> An abuse of discretion does not occur where the trial court bases its decisions on conflicting evidence. Furthermore, an abuse of discretion does not occur as long as some evidence of substantive and probative character exists to support the trial court's decision.

*D.W.,* 249 S.W.3d at 647 (citations omitted).

The record is poor on the chronology of relevant events. Appellant testified that after her children were removed in March of 2012, she was arrested and jailed in

McLennan County. According to the Department caseworker, this occurred right after the Department had set up Appellant's service plan and shortly after Appellant had visited the children on March 22. Appellant was released from jail, apparently by April 25, which was the day she signed her service plan. Thereafter, Appellant was arrested and jailed in Bell County (on a robbery charge) and in Lubbock (on a false report to police officer charge). Also while in Lubbock, Appellant stayed at a women's center and worked on some of her services. It appears that Appellant was out of jail in mid-December, and she began living in Temple at a Christian-based drug treatment facility where she was getting treatment for substance abuse. In all, Appellant was incarcerated for approximately five months in the first year of her pending case with the Department.

The record is also poor on precisely what happened to all of the charges against Appellant. On direct examination, Appellant characterized her cases as being dismissed. But on cross-examination, Appellant said that in one of the cases, she took a "plea deal" for time served, and the other two cases were dismissed. On appeal, Appellant asserts that the other two cases were "dropped" and that "it appears that her incarceration was not her fault." Thus, Appellant suggests that her incarceration could be an extraordinary circumstance. The State vigorously contests Appellant's characterization of the dismissals; it asserts that her claims "are completely disingenuous" and suggests that the two dismissals were related to Appellant's plea deal.

The hearing on Appellant's motion for extension of the statutory dismissal deadline was held on February 5, 2013. On cross-examination, Appellant admitted that when she was not in jail, she was using drugs. She admitted to testing positive for marijuana on January 31, 2013, just a week before the hearing. And she also admitted to testing positive for cocaine in September 2012 and for methamphetamine in May 2012.

Based on the record before the trial court, we cannot say that it abused its discretion in denying Appellant's motion for extension of the statutory dismissal deadline. We overrule Appellant's sole issue and affirm the trial court's order of termination.


                                          REX D. DAVIS
                                          Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed June 6, 2013
[CV06]